

NUMBERS 13-14-00736-CR AND 13-14-00737-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**STACIE VOIGT ETZEL,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

On Appeal from the 38th District Court
of Medina County, Texas.

---

# ORDER OF ABATEMENT

**Before Justices Garza, Benavides, and Longoria**
**Order Per Curiam**

Appellant, Stacie Voigt Etzel, attempts to appeal her conviction for murder and tampering with or fabricating physical evidence. Her appeals were transferred to this Court from the Fourth Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2011) (delineating the jurisdiction of

appellate courts); TEX.GOV'T CODE ANN. § 73.001 (West 2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

Appellant's brief was originally due on May 20, 2015. On September 15, 2015, this Court granted appellant's fourth motion for extension of time and directed appellant to file the brief on or before September 22, 2015. On September 25, 2015, the Clerk of the Court notified appellant's counsel that the brief had not been filed and requested a response concerning the failure to file the brief within ten days. Counsel has nevertheless failed to file either a response or an appellate brief in these matters.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute these appeals; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeals; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

If the trial court determines that appellant does want to continue these appeals, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant

2

in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
Tex. R. App. P. 47.2(b)

Delivered and filed
the 22nd day of October, 2015.

3